IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRUCE A. TEAGUE                                                                                           PLAINTIFF

vs.                                              Civil No. 6:09-cv-06063

MICHAEL J. ASTRUE                                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Bruce A. Teague ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed his application for SSI on June 13, 2006. (Tr. 42-44). Plaintiff alleged he was disabled due to seizures, memory recall and numbness in legs. (Tr. 79). Plaintiff alleged an onset date of January 1, 2004. (Tr. 42). Plaintiff's applications were denied initially on August 1, 2006, and were denied at the reconsideration level on January 24, 2007. (Tr. 33, 38).

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

On February 23, 2007, Plaintiff requested an administrative hearing on his application. (Tr. 28). This hearing was held on March 20, 2008 in Hot Springs, Arkansas. (Tr. 311-336). Plaintiff was present and was represented by counsel, Don Pullen, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") David O'Neal testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had a 12th grade education with some college. (Tr. 314, 318).

On August 14, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 14-21). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 13, 2006. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the severe impairment of seizure disorder. (Tr. 16, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-19). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible. (Tr. 19). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform work at all exertion levels with the only limitation being seizure precautions. (Tr. 16, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform

that work and other work in the national economy. (Tr. 19-20, Findings 5, 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 315-319, 333-336). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a janitor, musician, rental clerk, and dining room attendant. (Tr. 20). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform his PRW. (Tr. 19, Finding 5).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 20, Finding 9). Specifically, the VE testified Plaintiff would be able to perform work as hotel/motel maid with approximately 630,000 such jobs in the nation and 5,300 such jobs in Arkansas, hand packer with approximately 951,000 such jobs in the nation, and 7,700 such jobs in Arkansas, and work as a housekeeper with approximately 270,000 such jobs in the nation and 7,700 such jobs in Arkansas. (Tr. 334). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act since June 13, 2006, which was the date the application was filed. (Tr. 21, Finding 10).

On September 5, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 10). *See* 20 C.F.R. § 404.968. On July 15, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 5-8). On July 28, 2009, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on August 25, 2009. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination, (B) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, (C) the ALJ failed to fully and fairly develop the record, and (D) the ALJ erred in his evaluation of Plaintiff's subjective complaints. In response, Defendant argues: (A) the ALJ properly determined the Plaintiff's RFC, (B) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, (C) the ALJ fully and fairly developed the record, (D) the ALJ properly considered Plaintiff's subjective complaints.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating

5

physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined that Plaintiff had the RFC to perform work at all exertion levels with the only limitation being seizure precautions.  (Tr. 16, Finding 4).  Plaintiff claims substantial evidence does not support the ALJ's RFC determination.  Plaintiff relies on the opinions of treating physician Dr. Paul Tucker in support of his position that the ALJ erred in his RFC determination.  ECF No. 8, Pgs. 9-12.  Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record.  ECF No. 9, Pgs. 15-19.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a

treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Dr. Paul Tucker, Plaintiff's treating neurologist, has treated Plaintiff for over two years. (Tr. 18). Dr. Tucker treated Plaintiff for a history of seizures. (Tr. 18). On March 18, 2008, Dr. Tucker completed a Seizure RFC Questionnaire. (Tr. 281-284). Dr. Tucker's findings included: Plaintiff's seizures would likely disrupt coworkers, Plaintiff would require more supervision at work, Plaintiff would sometimes need to take unscheduled breaks during an 8-hour workday, Plaintiff would need an unscheduled break for several hours perhaps two or three times a week, and Plaintiff could be absent from work about three times a month. (Tr. 283). These limitations were not contained in the ALJ's RFC determination of Plaintiff.

According to the ALJ's opinion, he gave Dr. Tucker's opinions "very little weight because the evidence just does not support his opinion." (Tr. 19). However, the ALJ failed to give any reason for discrediting Dr. Tucker's opinions, other than stating the evidence did not support his opinion. This failure to provide a basis for discrediting the opinions of Dr. Tucker is significant given he is the only treating physician of Plaintiff. Furthermore, the record contains no consultative reports form other physicians. However, an ALJ may not substitute his opinion for those of a claimant's treating physician. *See Ness v. Sullivan*, 904 F2d 432, 435 (8th Cir. 1990).

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled

because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician Dr. Tucker. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, Dr. Tucker, this case should be reversed and remanded for proper review and analysis of Dr. Tucker's opinions. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **20th day of October, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.